Michael H. Rosenstein, Esq. [SB 169091]
LAW OFFICES OF MICHAEL H. ROSENSTEIN
433 North Camden Drive, Suite 400
Beverly Hills, California 90210
Tel: (310) 285-1595
Fax: (310) 285-0401

Attorney for Defendants Michael Enriquez, Jesus Enriquez, Kim Mizuno, and MPD Management, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JONATHN D. ROSE, M.D., PH.D, an individual;

            Plaintiff,

      vs.

MICHAEL ENRIQUEZ, an individual, JESUS ENRIQUEZ, an individual, MPD MANAGEMENT, INC., a Nevada corporation dba LHOP CONSULTING, KIM MIZUNO, an individual, and DOES 1-10, inclusive.

            Defendants.

**Case No. CV11-7838-DDP (AJWX)**

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

Complaint Filed: September 22, 2011

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

Defendant Jesus Enriquez (referred to as "Answering Defendant") hereby answers Plaintiff Jonathan D. Rose's Complaint (referred to as "Complaint").

1.   This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 1 of the Complaint, and upon said grounds denies the allegation(s) therein.

2.   This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 2 of the Complaint, and upon said grounds denies the allegation(s) therein.

3.   This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 3 of the Complaint, and upon said grounds denies the allegation(s) therein.

4.   This Answering Defendant admits the allegation(s) set forth in Paragraph 4 of the Complaint

5.   This Answering Defendant admits the allegation(s) set forth in Paragraph 5 of the Complaint.

6.   This Answering Defendant admits the allegation(s) set forth in Paragraph 6 of the Complaint.

7.   This Answering Defendant admits the allegation(s) set forth in Paragraph 7 of the Complaint.

8.   This Answering Defendant lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 8 of the Complaint, sub-section a. through i. thereof, and upon said grounds denies the allegation(s) therein.  This Answering Defendant denies that any person or entity listed in Paragraph 8, subsection a. through i. participated as "instrumentalities in the commission of the Defendants [sic] fraudulent scheme."

9.   This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 9 of the Complaint, and upon said grounds denies the allegation(s) therein.

10. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 10 of the Complaint.

11. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 11 of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

12. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 12 of the Complaint.

13. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 13 of the Complaint, and upon said grounds denies the allegation(s) therein.

14. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 14 of the Complaint, and upon said grounds denies the allegation(s) therein.

15. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 15 of the Complaint, and upon said grounds denies the allegation(s) therein.

16. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 16 of the Complaint, and upon said grounds denies the allegation(s) therein.

17. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 17 of the Complaint, and upon said grounds denies the allegation(s) therein.

18. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 18 of the Complaint, and upon said grounds denies the allegation(s) therein.

19. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 19 of the Complaint, and upon said grounds denies the allegation(s) therein.

20. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 20 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

21. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 21 of the Complaint, and upon said grounds denies the allegation(s) therein.

22. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 22 of the Complaint, and upon said grounds denies the allegation(s) therein.

23. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 23 of the Complaint, and upon said grounds denies the allegation(s) therein.

24. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 24 of the Complaint, and upon said grounds denies the allegation(s) therein.

25. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 25 of the Complaint, and upon said grounds denies the allegation(s) therein.

26. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 26 of the Complaint, and upon said grounds denies the allegation(s) therein.

27. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 27 of the Complaint, and upon said grounds denies the allegation(s) therein.

28. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 28 of the Complaint, and upon said grounds denies the allegation(s) therein.

29. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 29 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

30. This Answering Defendant admits the allegation(s) set forth in Paragraph 30 of the Complaint.

31. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 31 of the Complaint, and upon said grounds denies the allegation(s) therein.

32. This Answering Defendant admits that between June 2009 and December 2009 he and Plaintiff interacted sporadically via phone and in person, admits that during the course of those interactions he and Plaintiff discussed mutual personal and business issues, and denies the truth of all other allegation(s) set forth in Paragraph 32 of the Complaint.

33. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 33 of the Complaint, and upon said grounds denies the allegation(s) therein.

34. This Answering Defendant admits that in or around December 2009, Plaintiff spent the Christmas holiday with Answering Defendant's family in San Antonio, Texas, admits that Answering Defendant's brother's fiancé and uncle were in attendance, and lacks sufficient knowledge or information to form a belief as to all other averments set forth in Paragraph 34 of the Complaint, and upon said grounds denies the allegation(s) therein.

35. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 35 of the Complaint, and upon said grounds denies the allegation(s) therein.

36. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 36 of the Complaint, and upon said grounds denies the allegation(s) therein.

37. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 37 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

38. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 38 of the Complaint, and upon said grounds denies the allegation(s) therein.

39. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 39 of the Complaint, and upon said grounds denies the allegation(s) therein.

40. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 40 of the Complaint, and upon said grounds denies the allegation(s) therein.

41. This Answering Defendant admits that between March 3, 2009, through February 2011, he and Defendant Michael Enriquez accessed certain credit card accounts held by Plaintiff but denies these charges were unauthorized, and denies the truth of all other allegation(s) set forth in Paragraph 41 of the Complaint.

42. This Answering Defendant admits that he and Defendant Michael Enriquez used the American Express and Visa accounts to procure luxury items but denies these charges were unauthorized, admits that money was spent from a PayPal account which included transfers of money to Jessica Canizales and Sin City Private Investigators but denies these charges were unauthorized, and denies the truth of all other allegation(s) set forth in Paragraph 42 of the Complaint.

43. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 43 of the Complaint, and upon said grounds denies the allegation(s) therein.

44. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 44 of the Complaint, and upon said grounds denies the allegation(s) therein.

45. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 45 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

46. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 46 of the Complaint, and upon said grounds denies the allegation(s) therein.

47. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 47 of the Complaint, and upon said grounds denies the allegation(s) therein.

48. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 48 of the Complaint, and upon said grounds denies the allegation(s) therein.

49. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 49 of the Complaint, and upon said grounds denies the allegation(s) therein.

50. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 50 of the Complaint, and upon said grounds denies the allegation(s) therein.

51. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 51 of the Complaint, and upon said grounds denies the allegation(s) therein.

52. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 52 of the Complaint, and upon said grounds denies the allegation(s) therein.

53. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 51 of the Complaint, and upon said grounds denies the allegation(s) therein.

54. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 54 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

55. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 55 of the Complaint, and upon said grounds denies the allegation(s) therein.

56. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 56 of the Complaint, and upon said grounds denies the allegation(s) therein.

57. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 57 of the Complaint, and upon said grounds denies the allegation(s) therein.

### FIRST CLAIM FOR RELIEF

### Fraud

58. In answering Paragraph 58 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 57 of the Complaint.

59. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 59 of the Complaint, and upon said grounds denies the allegation(s) therein.

60. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 60 of the Complaint, and upon said grounds denies the allegation(s) therein.

61. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 61 of the Complaint, and upon said grounds denies the allegation(s) therein.

62. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 62 of the Complaint, and upon said grounds denies the allegation(s) therein.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

63. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 63 of the Complaint, and upon said grounds denies the allegation(s) therein.

64.  This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 64 of the Complaint, and upon said grounds denies the allegation(s) therein.

## SECOND CLAIM FOR RELIEF

### Fraud

65. In answering Paragraph 65 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 64 of the Complaint.

66. This Answering Defendant admits that he accessed certain credit card accounts held by Plaintiff for legitimate and appropriate business expenses but denies these charges were unauthorized, admits to making representations to Plaintiff regarding Defendant Michael Enriquez's legitimacy as a businessman, and denies the truth of all other allegation(s) set forth in Paragraph 66 of the Complaint.

67. This Answering Defendant admits that between January 2010 and January 2011 he incurred certain charges against Plaintiff's American Express Credit Card but denies these charges were unauthorized or based upon false representations of any sort, and denies the truth of all other allegation(s) set forth in Paragraph 67 of the Complaint.

68. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 68 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Conspiracy to Commit Fraud

69. In answering Paragraph 69 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 68 of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

70. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 70 of the Complaint.

71. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 71 of the Complaint.

72. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 72 of the Complaint.

73.  This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 73 of the Complaint.

74. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 74 of the Complaint.

75. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 75 of the Complaint.

76. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 76 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Violations of The Racketeer Influenced and Corrupt Organizations Act (RICO)

77. In answering Paragraph 77 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 76 of the Complaint.

78. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 78 of the Complaint.

79. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 79 of the Complaint.

80. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 80 of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

81. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 81 of the Complaint.

82. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 82 of the Complaint.

83. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 83 of the Complaint.

84. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 84 of the Complaint.

85. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 85 of the Complaint.

86. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 86 of the Complaint.

87. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 87 of the Complaint.

88. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 88 of the Complaint.

89. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 89 of the Complaint.

90. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 90 of the Complaint.

91. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 91 of the Complaint.

92. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 92 of the Complaint.

93. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 93 of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

94. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 94 of the Complaint.

95. This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 95 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**Aiding and Abetting Fraud**

96. In answering Paragraph 96 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 95 of the Complaint.

97. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 97 of the Complaint, and upon said grounds denies the allegation(s) therein.

98. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 98 of the Complaint, and upon said grounds denies the allegation(s) therein.

99. This Answering Defendant lacks sufficient knowledge or information to form a belief as to the averments set forth in Paragraph 99 of the Complaint, and upon said grounds denies the allegation(s) therein.

**SIXTH CLAIM FOR RELIEF**

**Breach of Fiduciary Duty**

100.    In answering Paragraph 100 of the Complaints this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 99 of the Complaint.

101.    This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 101 of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

102.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 102 of the Complaint.

103.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 103 of the Complaint.

104.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 104 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### Conversion

105.      In answering Paragraph 105 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 104 of the Complaint.

106.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 106 of the Complaint.

107.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 107 of the Complaint.

108.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 108 of the Complaint.

## EIGHTH CLAIM FOR RELIEF [stated in Complaint as "NINTH"]

### Money Had and Received

109.      In answering Paragraph 109 of the Complaint, this Answering Defendant incorporates by this reference each and every response, as provided above, to the allegations set forth in Paragraphs 1 through 108 of the Complaint.

110.      This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 110 (stated in Complaint as "Paragraph 109") of the Complaint.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

111.     This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 111 (stated in Complaint as "Paragraph 110") of the Complaint.

112.     This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 112 (stated in Complaint as "Paragraph 111") of the Complaint.

113.     This Answering Defendant denies the truth of the allegation(s) set forth in Paragraph 113 (stated in Complaint as "Paragraph 112") of the Complaint.

## **PRAYER FOR JUDGMENT**

1.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 1.

2.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 2.

3.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 3.

4.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 4.

5.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 5.

6.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 6.

7.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 7.

8.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 8.

9.  This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 9.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

10. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 10.

11. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 11.

12. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 12.

13. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 13.

14. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 14.

15. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 15.

16. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 16.

17. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 17.

18. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 18.

19. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 19.

20. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 20.

21. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 21 (stated in the Complaint as Prayer for Judgment Paragraph 22).

22. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 22 (stated in the Complaint as Prayer for Judgment Paragraph 23).

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

23. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 23 (stated in the Complaint as Prayer for Judgment Paragraph 24).

24. This Answering Defendant denies that Plaintiff is entitled to the relief requested in Prayer for Judgment Paragraph 24 (stated in the Complaint as Prayer for Judgment Paragraph 25).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1. As a first, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that the Complaint and each and every claim for relief therein fails to state facts sufficient to constitute a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. As a second, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that to the extent the Complaint seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. As a third, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff's actions constituted a full release and waiver by Plaintiff of any and all claims which Plaintiff may have against this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4. As a fourth, separate and affirmative defense to the Complaint on file herein, this Answering

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

Defendant alleges that Answering Defendant has suffered damage by reason of Plaintiff's conduct; that Defendant has the right to an offset of any amount of money owed to or due Plaintiff by way of damage.

## FIFTH AFFIRMATIVE DEFENSE

### (Negligence)

5.   As a fifth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that if Plaintiff suffered any loss or damage, which loss or damages this Answering Defendant categorically denies, the same has been the result of Plaintiff's own negligence, and Plaintiff's alleged loss or damage, if any, was proximately caused or contributed to by said negligence of Plaintiff, in that Plaintiff failed to exercise ordinary care, caution, and prudence for his own protection in order to avoid the alleged damages.  By reason of the foregoing, any recovery based upon the Complaint should be barred to the extent of Plaintiff's own negligence.

## SIXTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

6.   As a sixth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff herein and each and every purported claim for relief in the Complaint is barred because Plaintiff has engaged in acts and courses of conduct which rendered him *in pari delicto.*

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

7.   As an seventh, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff herein and each and every claim for relief contained therein is barred by reason of acts, omissions, representations and courses of conduct of Plaintiff by which this Answering Defendant was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any claims for relief asserted by Plaintiff.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.   As a eighth, separate and affirmative defense to the Complaint on file herein, this answering Defendant alleges that any claim made by or on behalf of Plaintiff is barred by Laches, in that Plaintiff's failure to assert a claim as against this answering Defendant in a timely manner was not only unreasonable, but prejudiced this answering Defendant in such a manner as to prevent this answering Defendant from properly defending himself in the instant litigation.

**NINTH AFFIRMATIVE DEFENSE**

**(Substantial or Partial Performance/Divisibilty)**

9.   As a ninth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant is informed and believes and thereon alleges that the contract alleged in the Complaint, if any, has been substantially and/or partially performed, and as such, is subject to divisibility.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10. As a tenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant is informed and believes and thereon alleges that Plaintiff failed to mitigate and lessen damages, if any, he sustained, as required by law, and is barred from recovery by reason thereof against this Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

11. As an eleventh, separate and affirmative defense to the Complaint on file herein, this Answering Defendant is informed and believes and thereon alleges that the matters complained of in the Complaint were proximately caused, in whole or part, by the acts or omissions of a third party or parties or Plaintiff. Accordingly, the liability of this Answering Defendant and responsible parties, named or unnamed, should

be apportioned accordingly and the liability, if any, of this Answering Defendant should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### (Performance)

12. As a twelfth, separate and affirmative defense to the Complaint on file herein, this answering Defendant alleges that he is not liable to Plaintiff in that this answering Defendant performed any and all acts required of him by the contract.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Damage)

13. As a thirteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff has suffered no damage as the result of any or all of the alleged acts of this Answering Defendant, and therefore, Plaintiff is not entitled to any sum or amount whatsoever.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Cause in Fact)

14. As a fourteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant does not admit, and expressly denies, the damages or losses alleged in Plaintiff's Complaint. If damages or losses were suffered by Plaintiff, such losses or damages were not caused by this Answering Defendant but rather were caused by Plaintiff's own acts or by the acts of a third party.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

15. As a fifteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff, or his agents, knew of and understood the dangers and risks incident to the business transactions alleged in Plaintiff's Complaint, but nevertheless voluntarily entered into said transactions, and thereby assumed all of the risks of harm or loss so as to be barred from any recovery.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unaware of Financial Means)

16.  As a sixteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that he was never made aware of the financial means and circumstances of Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

17. As an seventeenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff herein, and each and every claim for relief contained therein, is barred by reason of acts, omissions, representations and courses of conduct of Plaintiff by which this Answering Defendant was led to rely to its detriment, thereby barring, under the doctrine of equitable estoppel, any claims for relief asserted by Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.      As a eighteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that by making the allegations in its unverified Complaint against this Answering Defendant, knowing that such allegations are false and made only to defraud and damage this Answering Defendant, Plaintiff is attempting to exert undue influence over this answering Defendant in order to gain an improper advantage.  Plaintiff is therefore precluded from any recovery against this answering Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Excuse)

19. As a nineteenth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff, or its agents, have expressly or impliedly, or by operation of law, excused this answering Defendant from any and all obligations under the alleged contract.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Release)**

20. As a twentieth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff, or its agents, have expressly or impliedly, or by operation of law, released this Answering Defendant from any and all liability alleged in Plaintiff's Complaint

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Perform Contract)**

21. As a twenty-first, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that Plaintiff is barred from recovery because Plaintiff failed to perform all of the conditions and covenants of the alleged contract.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Alter Ego)**

22. As a twenty-second, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that he has never acted as the alter ego of any other Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Causal Relationship)**

23. As a twenty-third, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that his alleged acts and/or omissions were not the proximate cause of the damages allegedly incurred by Plaintiff and therefore, because there was no causal relationship between any alleged acts and/or omissions on the part of this Answering Defendant and the damages allegedly sustained by Plaintiff, Plaintiff is not entitled to an award of damages as against this Answering Defendant.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Bad Faith)

24. As a twenty-fourth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant is informed and believe and thereon allege that Plaintiff's own bad faith caused or contributed to its alleged damages and thus this Answering Defendant is not liable to Plaintiff in any sum or amount whatsoever.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Improper Advance)

25. As a twenty-fifth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant alleges that by making the allegations in its unverified Complaint against this Answering Defendant, knowing that such allegations are false and made only to defraud and damage this Answering Defendant, Plaintiff is attempting to exert undue influence over this answering Defendant in order to gain an improper advantage.  Plaintiff is therefore precluded from any recovery against this Answering Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Malicious Prosecution)

26. As a twenty-sixth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant is informed and believes and thereon alleges that Plaintiff has prosecuted the within Complaint against this Answering Defendant maliciously and in an intentional act of abuse of legal purpose.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not a Proper Party)

27. As a twenty-seventh, separate and affirmative defense to the Complaint on file herein, this answering Defendant is informed and believe and thereon alleges that he is not a proper party to this action and have been wrongfully sued herein.

_____
ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Privity of Contract)**

28. As a thirty-eighth, separate and affirmative defense to the Complaint on file herein, this answering Defendant has had, and continues to have, no contractual relationship of any sort with Plaintiff and thus, Plaintiff can assert no cause of action against this answering Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Reservation of Affirmative Defenses)**

29. As twenty-ninth, separate and affirmative defense to the Complaint on file herein, this Answering Defendant reserves the right to assert other affirmative defenses in that the Complaint does not describe with particularity the claims made against Answering Defendant with sufficient particularity to enable Defendant to determine each and every defense it may have, which may be discovered in the future or become relevant once the precise nature of Plaintiff's claims has been ascertained.

Dated: October 28, 2011          LAW OFFICES OF MICHAEL H. ROSENSTEIN

By:___/S/ Michael Rosenstein_____
Michael H. Rosenstein, Attorney for Defendants Michael Enriquez, Jesus Enriquez, Kim Mizuno, and MPD Management, Inc.

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

1

## **DEMAND FOR JURY TRIAL**

2

3          PLEASE TAKE NOTICE that Defendant hereby demands a trial by jury in this matter.

4

5     Dated: October 28, 2011                    LAW OFFICES OF MICHAEL H. ROSENSTEIN

6                                               By:____/S/ Michael Rosenstein_____

7                                               Michael H. Rosenstein, Attorney for Defendants Michael Enriquez,
                                                Jesus Enriquez, Kim Mizuno, and MPD Management, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   **CASE NO. CV11-7838-DDP (AJWX)**

28

_____
ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 433 N. Camden Drive, Suite 400, Beverly Hills, CA 90210.

On October 28, 2011, I served the foregoing document described as **ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY** to the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Steven T. Gubner
Larry W. Gabriel
Nicholas A. Rozansky
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**[ XX ]   BY MAIL:**  I caused such envelope to be deposited in the mail at Los Angeles, CA.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, CA, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

**[ ]   BY PERSONAL SERVICE**:  I delivered by hand such envelope to the offices of the addressee(s) with delivery time prior to 5:00 P.M. on the date specified above.

**[ ]   BY PERSONAL SERVICE VIA MESSENGER**:  I caused to be delivered via messenger service such envelope to the offices of the addressee(s) with delivery time prior to 5:00 P.M. on the date specified above.

**[ ]   VIA FACSIMILE**:  I caused such documents to be transmitted from facsimile number (310) 285-0401 to the facsimile machine(s) of interested parties prior to 5:00 P.M. on the date specified above.  The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete and without error.  Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine, and a copy of the transmission record is attached hereto.

Executed on 10/28/11, at Beverly Hills, CA.

**[ ]   STATE**:  I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

**[ XX ]   FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                        _____/S/ Roger Kirnos_____
                            Roger Kirnos

ANSWER BY DEFENDANT JESUS ENRIQUEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY