UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. ROSE, M.D., PH.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ENRIQUEZ, an individual, JESUS ENRIQUEZ, an individual, MPD MANAGEMENT, INC., a Nevada corporation dba LHOP CONSULTING, KIM MIZUNO, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV11-7838-DDP (AJWx)<br><br>ORDER ON STIPULATION COVERING CONFIDENTIALITY<br><br><br>Discovery Cutoff:  None Set<br>Motion Cutoff:    None Set<br>Trial Date:       None Set |

# STIPULATED PROTECTIVE ORDER

## 1. GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of highly sensitive personal financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by persons and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties have stipulated and petitioned the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## 2. DEFINITIONS

2.1.   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.   <u>Trade Secret</u>: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

2.4 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) which shall only be disclosed to the parties to this litigation and their respective house and outside counsels, as set forth in section 7.2 below. Such information should fall into one or more of the following categories: (i) sales, marketing, or product or service development strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vi) third-party documents covered by an obligation of confidentiality.

2.5. <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive — such as trade secrets or highly sensitive business or product expansion plans or developments — and whose disclosure to any person other than the parties' respective outside counsel (Ezra Brutzkus Gubner LLP for plaintiff and Law Offices of Michael H. Rosenstein for defendants), as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.9. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.10. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11. <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.13. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

Any Protected Material (as defined above) may not be disseminated or disclosed outside the parameters of the Order, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final

termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, destroy it. If the documents were originally produced without charge, they shall be returned without charge. If they were produced at a charge, they shall be returned for the same cost. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.  <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions as provided for in the Federal Rules of Civil Procedure.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection only to the

inspecting Party's outside attorney(s), and shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party's outside attorney(s) have identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after the date of mailing of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 day period shall be covered by the provisions of this Stipulated Protective Order.

Where, in good faith, it is anticipated by counsel for the Party or non-party who is testifying that the response to a question or series of questions could qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, then, on the record, counsel for the testifying Party or non-party shall ask all Party representatives or non-parties to leave the deposition room during such testimony. Upon the completion of the questioning that is believed to qualify for "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" protection, all Party representatives or non-parties shall be allowed to reenter the deposition room.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential —Attorneys' Eyes Only."

(d) <u>Inadvertent Failures to Designate.</u> If corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation — thirty (30

days) — must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the provisions below.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

6.2. <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be jointly stipulated and filed pursuant to Local Rule 37, unless the circumstances justify the filing of an ex parte application.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of section 11, below (FINAL

DISPOSITION).  Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

    7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the Receiving Party's Outside Counsel of record in this action (Ezra Brutzkus Gubner LLP for plaintiffs and Law Offices of Michael H. Rosenstein for defendants);

    (b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Any party seeking to use CONFIDENTIAL information during a deposition shall obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Stipulated Protective Order.  If the deponent refuses to agree, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality,

provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.  The terms of this Stipulated Protective Order shall apply to those persons in attendance at depositions and shall require the exclusion of persons not subject to the terms of the Stipulated Protective Order from attending that portion of the deposition at which Confidential or Attorneys' Eyes Only information is discussed.  And, as set forth in Section 5.2(b) above, prior to the disclosure of Attorneys' Eyes Only information or testimony in the deposition, counsel for the testifying Party or non-party shall ask all Party representatives or non-parties to leave the deposition room during such testimony.

    (g) the author and named recipients of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information.

    7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of record in this action (Ezra Brutzkus Gubner LLP for plaintiffs and Law Offices of Michael H. Rosenstein for defendants);

    (b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

    (c) the Court and its personnel;

    (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any document or information designated as "Attorneys' Eyes Only".

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing

in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL.

In the event that counsel for any party decides to file with or submit to the Court any Protected Material, counsel shall provide written notice to the other party and shall take appropriate steps to ensure the continuing confidentiality of the Protected Material. Counsel for the party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 11. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order.  Similarly, no Party, waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3. <u>Effect of Designation on Authenticity and Admissibility</u>.  The placing of any confidentiality designation or a production identification label on the face of any document shall not affect the document's authenticity or admissibility in this action.

   12.4. <u>Continuing Jurisdiction</u>.  All provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of this action in its entirety, unless subsequently modified by agreement between the parties or order of the Court, and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated:  December 14, 2011    By: _____/s/_____
               HON. ANDREW A. WISTRICH
               Magistrate Judge of the District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Jonathan D. Rose, M.D., Ph.D. v. Michael Enriquez, et al., Case No. CV11-7838-DDP (AJWX). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:


Signature:_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28