O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN D. ROSE, M.D., PH.D., an individual, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL ENRIQUEZ, an individual; JESUS ENRIQUEZ, an individual; MPD MANAGEMENT, INC., a Nevada corporation dba LHOP CONSULTING; KIM MIZUNO, an individual, <br><br> Defendants. | Case No. CV 11-07838 DDP (AJWx) <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT** <br><br> [Dkt. No. 63] |

Presently before the court is Plaintiff Jonathan D. Rose's Ex Parte Application for Entry of Stipulated Judgment. Having considered the parties briefing and heard oral argument, the court adopts the following order.

**I. BACKGROUND**

In September 2011, Plaintiff brought an action against Defendants Michael Enriquez, Jesus Enriquez, and MPD Management, Inc. ("Defendants") seeking to recover $3,606,267.54 allegedly obtained through extortion, fraud, racketeering, and

counterfeiting. (See generally Compl.) In March 2012, Plaintiff and Defendants entered into a Confidential Settlement Agreement and Mutual Release ("the Agreement") following a mediation with the Hon. Dickran Tevrizian, Ret. ("the Mediator"). (Roznsky Decl. ¶¶ 2-3.) The Agreement contains a paragraph in which the Parties specifically acknowledge Defendants' liability. (Rozansky Decl. Exh. 2 ¶ 2.) (See also Rozansky Decl. Exh. 1 ¶ 8.2.) Under the Agreement, Defendant Michael Enriquez ("Enriquez") was to pay Plaintiff in four installments. (Rozansky Decl. ¶ 6, Exh. 2 ¶ 4.1.) The Parties agreed that if Enriquez failed to pay Plaintiff according to that payment schedule, Enriquez would consent to the entry of the Stipulated Judgment in almost the full amount demanded in the Complaint. (Rozansky Decl. Exh. 2 ¶ 4.1.) Subsequently, the parties entered into four Amendments modifying the payment schedule. (Rozansky Decl. ¶¶ 7-9.)

The parties do not dispute that Michael Enriquez made only a single payment and failed to comply with the payment schedule.

Plaintiff filed this Application for Entry of Stipulated Judgment on September 10, 2012. Defendant filed an Opposition to the Application, arguing that the amount of the Stipulated Judgment constitutes an unenforceable penalty. (Opp. at 1.) The court ordered supplemental briefing on that issue and heard oral argument on October 23, 2012.

**II. LEGAL STANDARD**

Settlement agreements "'are highly favored as productive of peace and good will in the community,' as well as 'reducing the expense and persistency of litigation.'" Neary v. Regents of Univ. of Cal., 3 Cal.4th 273, 277 (1992), quoting McClure v. McClure, 100

Cal. 339, 343 (1893). As a corollary to this principle, "where the parties have stipulated to the nature or amount of a remedy, it is proper for the trial court to honor the parties' agreement unless it finds that to do so would be contrary to a rule of law or public policy." DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc., 176 Cal.App.4th 697, 725 (2009).

### III. DISCUSSION

Enriquez argues that, the Agreement notwithstanding, the Stipulated Judgment is an unenforceable penalty because "it bears no reasonable relationship to any actual damages incurred as a result of delay in making any of the installment payments due under the parties' settlement agreement." (Opp. at 5.) Under California law, "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671. A "judgment constitutes an unenforceable penalty because it bears no reasonable relationship to the range of actual damage the parties could have anticipated would flow from a breach of their settlement agreement." Greentree Financial Group, Inc. v. Execute Sports, Inc., 163 Cal.App.4th 495, 497 (2008).

Enriquez points to the significant variance between the agreed-upon settlement payments and the $3.5 million stipulated judgment, arguing that under Greentree, such variance is unreasonable as a matter of law. The court finds that the instant case is distinguishable from Greentree. In coming to its holding, the Greentree court pointed out that the parties "did not attempt

3

to anticipate the damages that might flow from a breach of the stipulation" but instead "simply selected the amount Greentree had claimed as damages in the underlying lawsuit, plus prejudgment interest, attorney fees, and costs." Id. at 499. See also Harbor Island Holdings v. Kim, 107 Cal.App.4th 790, 797 (2003)(invalidating a liquidated damages clause where "Harbor Island admits that there was no intent to approximate damages, as would be required for the clause to be held a valid liquidated damages clause.")

The Greentree court also looked to the fact that "the appellate record contains nothing showing Greentree's chances of complete success on the merits of its case---the record contains only the complaint, the answer, and the stipulation." Greentree, 163 Cal.App.4th at 499-500. Significantly, in the stipulation at issue in Greentree, the parties expressly "disclaim[ed] any admission of wrongdoing, fault, liability, or violation of law." Id. at 500.

Here, in contrast, the Agreement memorializes evidence presented to the Mediator by the Plaintiff as to the loss caused by Defendants' fraud, counterfeiting, and other wrongful acts, and also contains an express statement of Defendants' liability. (Rozansky Decl. ¶ 6, Exh. 2 ¶ 2.)  This is in distinct contrast to Greentree, where no evidence was presented and the figure for the stipulated judgment was taken from the complaint with no inquiry or evidence and with no admission of liability.

The court finds that there is a reasonable relationship between the stipulated judgment of $3.5 million and the breach of the settlement agreement. Although as in Greentree the stipulated

4

judgment is the amount requested in the Complaint, because of the proof offered, the admission of liability, and the extended mediation proceedings during which the settlement agreement was negotiated, the amount is not unreasonable under these circumstances. The calculation is not restricted, as Enriquez maintains, to "the actual damages incurred as a result of delay in making any of the installment payments due under the parties' settlement agreement." (Opp. at 5.) If that were the rule, a stipulated judgment could never be more than the settlement amount plus interest and other economic consequences. Such a rule would hamstring parties' ability to craft pragmatic settlement agreements that reflect their priorities and to create incentives among themselves for the achievement of their goals. Where, as here, parties mutually agree upon the liability of one party and the resulting amount of damage caused by that party, a stipulated judgment in the amount of those damages will not be unreasonable.

Enriquez focuses on the fact that the stipulated judgment does not vary regardless of where in the settlement payment plan the breach occurs. Such considerations may be relevant to a stipulation in a contract dispute such as <u>Greentree</u>, where the amount of the stipulated judgment is not tethered to any evidence of contract damage or admission of liability. Here, however, there was a clear admission of Enriquez's liability for the full amount of the stipulated judgment; it makes sense for a stipulated judgment to remain constant regardless of when breach of settlement payments occurred, insofar as the stipulated judgment structure was intended to encourage prompt and full payment of the settlement amount.

In his Opposition, Enriquez also makes allegations of coercion. Enriquez entered into the Agreement, he maintains, because of threats by Plaintiff and his counsel.[1] (Opp. at 2, Weingarten Decl. ¶ 3.) The only proof he offers is his attorney Weingarten's declaration. Such proof is not sufficient to convince the court that Enriquez was coerced into entering the Agreement when the mediation took place before a reputable mediator, and when Plaintiff has offered evidence of extensive collaborative communications surrounding the crafting of the Agreement. (Rozansky Second Decl. Exh. 1.) Because of this, Enriquez would need to present more substantial evidence of coercion to invalidate the Agreement.

**IV. CONCLUSION**

The court finds that the amount of the stipulated judgment is not an unenforceable penalty. Plaintiff's Application for Entry of Stipulated Judgment is GRANTED.

IT IS SO ORDERED.

Dated: December 19, 2012

*[signature]*
DEAN D. PREGERSON
United States District Judge

---

[1] Enriquez does not reassert this claim in his Supplemental Briefing.